UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE DENNIS,

        Petitioner,

v.

                                    Civil No.: 2:21-cv-12431

                                    Honorable Sean F. Cox

WARDEN MICHAEL BURGESS,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

    Michigan prisoner Robert Lee Dennis (Petitioner), through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his plea-based convictions for four counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(2)(b) (person under 13, defendant 17 years of age or older) on the basis that the prosecution breached the plea agreement and the trial court unreasonably applied *Santobello v. New York*, 404 U.S. 257, 262 (1971) when rejecting the plea-breach claim on collateral review. For the reasons discussed below, the habeas petition is DENIED.

### I. Background

    In 2016, Petitioner pleaded no contest to four counts of first-degree criminal sexual conduct in the Oakland County Circuit Court. Petitioner's no-contest plea was premised upon an agreement with the prosecution that it would not advocate for a sentence of more than 25 years' imprisonment and would not pursue additional charges against an other-acts witness. ECF No. 6-3, PageID.160. Petitioner was further advised that the plea agreement was not binding upon

the trial court. *Id*. at PageID.162. On December 13, 2016, the trial court held the sentencing hearing. *See* ECF 6-4. The court asked the parties if there were any modifications to the Pre-Sentence Investigation Report. Defense counsel objected to the report's recommendation that consecutive sentencing applied and was within the discretion of the trial court. *Id*. at PageID.170. The prosecution protested that position while maintaining that there was an agreement with the defense that the prosecution would not seek a sentence exceeding a 25-year minimum. *Id*. Ultimately, the trial court determined that it had discretion to impose consecutive sentencing. *Id*. at PageID.182. The trial court sentenced Petitioner to 30 to 50 years' imprisonment on each of the four counts, counts one and three to be served consecutively and concurrent to counts two and four. *Id*. at PageID.185.

Following sentencing, Petitioner filed a motion to withdraw his plea in the trial court, which was denied. ECF No. 6-9, PageID.284. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising one claim that he was entitled to resentencing or, alternatively, the opportunity to withdraw his plea because the trial court violated and exceeded the terms of the sentencing agreement. On August 28, 2017, the Michigan Court of Appeals denied the application for lack of merit on the grounds presented. ECF No. 6-10, PageID.288. Petitioner then filed an application in the Michigan Supreme Court, raising three claims challenging (1) the prosecutor's breach of the plea agreement, (2) the voluntariness of the plea, and (3) the trial court's imposition of consecutive sentencing. On July 3, 2018, the court denied the application on the basis it was not "persuaded that the questions presented should be reviewed by this Court." *People v. Dennis*, 502 Mich. 901, 913 N.W.2d 306 (2018).

Petitioner returned to the trial court and filed a motion for relief from judgment, which contained the following claims:

    I.    The prosecution breached the plea agreement by advocating for consecutive sentencing, and Dennis is entitled to resentencing before a different judge.

    II.    This Court did not adequately articulate its rationale for consecutive sentences in this case.

The trial court denied the motion for relief from judgment on the merits and for failing to meet the requirements of Michigan Court Rule 6.508(D)(3). *See* ECF 6-9. Petitioner appealed the trial court's decision to the Michigan Court of Appeals, which denied the application for leave to appeal because Petitioner failed to establish that the trial court erred. ECF No. 6-12, PageID.455. Petitioner appealed to the Michigan Supreme Court, which also denied the application. *People v. Dennis*, 507 Mich. 999, 961 N.W.2d 147 (2021). On October 8, 2021, the Michigan Supreme Court denied Petitioner's motion for reconsideration of that decision. *People v. Dennis*, 508 Mich. 956, 964 N.W.2d 595, 596 (2021).

Petitioner then filed this habeas petition, through counsel, which the Court understands to be raising the following claims:

    I.    The trial court's decision was an unreasonable application of *Santobello*.

    II.    The prosecution breached the plea agreement by covertly advocating for consecutive sentences.

ECF No. 1-1, PageID.6.

Respondent filed an answer contending that Petitioner's claims are procedurally defaulted and the claims lack merit.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

### III. Discussion

Petitioner's two habeas claims are more accurately categorized as one claim with two arguments. Petitioner contends that on collateral review, the trial court incorrectly applied

4

*Santobello*—a Supreme Court decision standing for the proposition that prosecutors must adhere to their plea bargains—when rejecting his argument that the prosecutor breached the plea agreement. The underlying claim is whether the prosecutor breached the plea agreement by advocating for consecutive sentencing. Respondent contends that the plea-breach claim is procedurally defaulted because the state trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3). The Court agrees.

A procedural default is "a critical failure to comply with state procedural law." *Trest v. Cain*, 522 U.S. 87, 89 (1997). When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether (1) the petitioner failed to comply with an applicable state procedural rule, (2) the state court enforced the rule so as to bar the claim, and (3) the state procedural default is an "adequate and independent" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004), abrogated on other grounds by *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc).

In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette*, 624 F.3d at 291. The state trial court was the last state court to render a reasoned decision on Petitioner's plea-breach claim. The trial court determined that Petitioner's claim was barred under Rule 6.508(D) because he did not raise it on direct review, and he failed to show good cause and actual prejudice to excuse his failure. ECF No. 6-9, PageID.286. The trial court

5

further concluded that Petitioner's claim lacked merit because the record established that the prosecutor did not breach the plea agreement. *Id*.

The Sixth Circuit has held that Rule 6.508(D) is an independent and adequate state ground for purposes of denying review of a federal constitutional claim. *See Schultz v. Tanner*, No. 23-1357, 2023 WL 7119587, at *3 (6th Cir. Sept. 28, 2023) (citing *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005)). The trial court's discussion of the merits of Petitioner's claim in addition to invoking Rule 6.508(D) does not change this analysis. *See Northrop v. Horton*, 779 F. App'x 312, 315 (6th Cir. 2019) (citations omitted). Thus, Petitioner's claim is procedurally defaulted.

To overcome the procedural default, Petitioner must demonstrate "cause" for noncompliance with state procedural rules and "actual prejudice" resulting from the alleged constitutional violation, or he may demonstrate his actual innocence. *See Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007). "Cause" means that some external impediment frustrated the petitioner's ability to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Such impediments include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *See McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991).

In his filings, Petitioner suggests that cause exists to excuse his default because appellate counsel failed to raise the plea-breach claim on direct appeal. Ineffective assistance of counsel can constitute cause for a procedural default. *See Murray*, 477 U.S. at 492. The Court therefore construes the habeas petition and state court brief to allege ineffective assistance of appellate counsel as cause for Petitioner's procedural default. Petitioner also alleges that he was

6

prejudiced by his attorney's conduct, and he argues that had counsel raised the issue, it would have succeeded and he would have been resentenced before a different judge.

When an ineffective assistance of counsel claim is asserted as cause to excuse a procedural default, the ineffective assistance claim is reviewed *de novo*:

> "An argument that ineffective assistance of counsel should excuse a procedural default is treated differently than a free-standing claim of ineffective assistance of counsel." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009). In particular, "[t]he latter must meet the higher AEDPA standard of review, while the former need not." *Id*. at 237; *see also, e.g., Smith v. Warden, Toledo Corr. Inst*., 780 F. App'x 208, 225 (6th Cir. 2019); *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006). Thus, we review de novo the question of whether ineffective assistance of appellate counsel excuses [the petitioner's] procedural default.

*Chase v. MaCauley*, 971 F.3d 582, 591-92 (6th Cir. 2020).

The Sixth Amendment right to counsel guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id*. at 687-88. The *Strickland* standard is a difficult one to satisfy. On appeal, "counsel has no obligation to raise every possible claim." *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). "[T]he decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment" and "[c]ounsel's performance is strongly presumed to be effective." *Id*. (quoting *Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and

7

prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner fails to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the plea-breach claim from his direct appeal. Appellate counsel filed an appellate brief raising the sole claim that Petitioner was entitled to resentencing on the basis that the trial court violated and exceeded the terms of the sentencing agreement. Petitioner has not shown that appellate counsel's strategy in presenting this claim and not raising the plea-breach claim was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, and for those stated by the trial court in its opinion and order denying the motion for relief from judgment, the plea-breach claim was not "dead bang winner."

Because the defaulted plea-breach claim was a not "dead bang winner," Petitioner fails to establish cause for his procedural default because appellate counsel was not ineffective for failing to raise it on direct review. *See McMeans v. Brigano*, 228 F. 3d 674, 682-83 (6th Cir. 2000). "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.' " *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010). The Court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983); *Bell v. Smith*, 114 F.Supp.2d 633, 638 (E.D. Mich. 2000).

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of someone who is actually innocent. *See Murray*, 477 U.S.

8

at 479-80. To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial (in this case, the parole revocation hearing). *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. Petitioner's procedural default, therefore, bars the Court's consideration of his claims. He is not entitled to habeas relief.

### IV. Certificate of Appealability

The Court declines to grant a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In addition, reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that the claims deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Therefore, the Court will deny a certificate of appealability.

### V. Order

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: September 17, 2024
s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on September 17, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/J. McCoy
Case Manager